# EXHIBIT A (Part 1)

EXHIBIT A (Part 1)

**SEAN MUSGROVE, STATE BAR NO. 229822**
**KENNETH STANTON, STATE BAR NO. 316483**
75 Natoma Street, Suite A
Folsom, CA 95630
Phone: (916) 965-4577
Fax: (916) 596-0410
Email: myteam@seanmusgrove.net

Attorneys for Plaintiff, ANH BAO VY HUYNH

FILED
Superior Court of California
County of Placer
OCT 28 2019
Jake Chatters
Executive Officer & Clerk
By: E. Kouvdos, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF PLACER**

**ANH BAO VY HUYNH,**

Plaintiff,

v.

**SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1-50, INCLUSIVE,**

Defendants

Case No.: SCV 0043920

**COMPLAINT FOR DAMAGES:**

1. **PROFESSIONAL NEGLIGENCE**
2. **INFORMED CONSENT**
3. **BREACH OF CONTRACT**
4. **BATTERY**
5. **BATTERY**
6. **FRAUDULENT REPRESENTATION**

**COMES NOW** Plaintiff, ANH BAO VY HUYNH (hereinafter referred to as "Plaintiff"), filing this complaint for causes of action against SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, Inclusive.

1. Plaintiff, ANH BAO VY HUYNH, is an individual and is now, and at all times mentioned in this complaint, was a resident of Sacramento County, California.
2. Defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 20 are

physicians and surgeons, licensed by the State of California to practice medicine and surgery in California, with their principal place of practice located in Placer County, California.

3. Defendant, SUTTER HEALTH, a California Corporation, is now, and at all times mentioned in this complaint was, an association of physicians and surgeons duly authorized to practice medicine under the fictitious business name of Sutter Roseville Medical Center, with its principal place of business in Placer County, California. The members of this association include SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and Does 21 through 50.

4. Plaintiff does not know the true names of defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names.

5. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment. Each defendant, when acting as principal, was negligent in the selection and hiring of each other defendant as an agent or employee.

6. On August 7, 2019, plaintiff served notice, pursuant to Code of Civil Procedure section 364, to defendant SUTTER HEALTH, of her intention to sue them for professional negligence.

7. On October 22, 2019, plaintiff served notice, pursuant to Code of Civil Procedure section 364, to defendants SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION, and NATHAN HALE ALLEN, M.D., of her intention to sue them for professional negligence.

8. On or about November 8, 2018, plaintiff employed defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, and retained them for compensation to examine, diagnose, prescribe medicine, treat, and care for a problem involving her ovarian cyst and to perform any necessary surgery in the treatment of this problem.

**FIRST CAUSE OF ACTION (Professional Negligence)**

9. At all times mentioned in this complaint, defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, negligently failed to posses and exercise, in both diagnosis and treatment, that reasonable degree of knowledge, and skill that is ordinarily possessed and exercised by other physicians and surgeons in the same or similar locality in similar circumstances, in that, among other things, defendants SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, did not properly diagnose and treat plaintiff for complications associated with her cyst. Additionally, defendants were negligent in the performance of surgeries to treat plaintiff's condition which resulted in substantial pain and permanent injury.

10. As a direct result of the negligence of defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, plaintiff has sustained the following injuries and damages including pain and suffering, aggravation of preexisting medical condition, past and future medical expenses, loss of earnings and earnings capacity, increased living expenses, and loss of enjoyment of life.

WHEREFORE, plaintiff demands judgment as set forth below.

**SECOND CAUSE OF ACTION (Informed Consent)**

11. Plaintiff incorporates by reference the allegations stated in Paragraphs 1 through 10, inclusive, as if fully set forth.

12. Defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, negligently failed to advise and warn plaintiff of the possible consequences and dangers involved in the examination, diagnosis, care, and treatment that they proposed for and to which they subjected plaintiff. Defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and

DOES 1 through 50, failed to make a reasonable disclosure of the information necessary for plaintiff to make an intelligent and informed choice about the care and treatment that defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, proposed for and administered to her. Had defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, adequately informed plaintiff of the possible consequences and dangers of the proposed care and treatment, plaintiff would not have consented to that care and treatment.

13. As a direct result of the negligent failure of defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, to make a reasonable disclosure of the information necessary for plaintiff to make an intelligent and informed choice about proposed care and treatment, plaintiff has sustained the following injuries and damages: including pain and suffering, aggravation of preexisting medical condition, past and future medical expenses, loss of earnings and earnings capacity, increased living expenses, and loss of enjoyment of life. WHEREFORE, plaintiff demands judgment as set forth below.

**THIRD CAUSE OF ACTION (Breach of Contract)**

14. Plaintiff incorporates by reference the allegations stated in Paragraphs 1 through 13, inclusive, as if fully set forth.

15. On or about November 8, 2018, plaintiff and defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, entered into an oral agreement, according to the terms of which defendants agreed to, in exchange for valuable consideration, perform the removal of an ovarian cyst.

16. In reliance on the promise made by defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, that plaintiff would enjoy an improved quality of life associated

with a reduction of symptoms related to the removal of her cyst, plaintiff consented to the removal.

17. Plaintiff performed all her obligations under the terms of the agreement. On or about November 8, 2018, defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, materially breached their oral contract with plaintiff in that, among other things, plaintiff's colon and lung were damaged resulting in painful, serious, and permanent injury, including permanent disfigurement.

18. As a result of the material breach of contract by defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, plaintiff has sustained the following injuries and damages: including pain and suffering, aggravation of preexisting medical condition, past and future medical expenses, loss of earnings and earnings capacity, increased living expenses, and loss of enjoyment of life.

WHEREFORE, plaintiff demands judgment as set forth below.

**FOURTH CAUSE OF ACTION (Battery)**

19. Plaintiff incorporates by reference the allegations stated in Paragraphs 1 through 18, inclusive, as if fully set forth.

20. Defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, did in fact injure plaintiff's colon, contrary to the condition on which plaintiff had consented to a cyst removal.

21. As a result of the battery of Plaintiff by defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, plaintiff has sustained the following injuries and damages: including pain and suffering, aggravation of preexisting medical condition, past and future medical expenses, loss of earnings and earnings capacity, increased living expenses, and loss of enjoyment of life.

WHEREFORE, plaintiff demands judgment as set forth below.

**FIFTH CAUSE OF ACTION (Battery)**

22. Plaintiff incorporates by reference the allegations stated in Paragraphs 1 through 21, inclusive, as if fully set forth.

23. Defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, did in fact perform a removal of Plaintiff's ovarian cyst, but during the procedure, the plaintiff's lung was injured, contrary to the condition on which plaintiff had consented.

24. As a result of the battery of Plaintiff by defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, plaintiff has sustained the following injuries and damages: including pain and suffering, aggravation of preexisting medical condition, past and future medical expenses, loss of earnings and earnings capacity, increased living expenses, and loss of enjoyment of life.

WHEREFORE, plaintiff demands judgment as set forth below.

**SIXTH CAUSE OF ACTION (Fraudulent Representation)**

25. Plaintiff incorporates by reference the allegations stated in Paragraphs 1 through 24, inclusive, as if fully set forth.

26. On or about November 8, 2018, defendants, SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1 through 50, told plaintiff that her symptoms associated with ovarian cyst would be repaired through surgery which includes removal of the cyst, and that she would recover with minimal complications or intrusion upon her person.

27. The information defendant's gave to plaintiff was false, in that the surgery performed was not the only option available and that there were other options that would not result in the permanent disfigurement of plaintiff. Plaintiff is informed and believes and, on that basis, alleges that defendant deliberately withheld his knowledge of medical conditions that could result from the procedure to remove plaintiff's ovarian cyst.

28. Plaintiff is informed and believes and, on that basis, alleges that defendant's intended to induce plaintiff's reliance on his misrepresentations. Plaintiff did rely on those misrepresentations in that but for defendant's misrepresentations, plaintiff would not have undergone continued treatment as recommended by defendants. Plaintiff's reliance on defendant's misrepresentations was justifiable because plaintiff was unlearned in medical sciences and had a complete dependence on and trust in defendants for the information regarding her medical problem.

29. As a direct result of the fraudulent misrepresentations of defendants, plaintiff has sustained the following injuries and damages: including pain and suffering, aggravation of preexisting medical condition, past and future medical expenses, loss of earnings and earnings capacity, increased living expenses, and loss of enjoyment of life.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for the following:

    a.   General damages according to proof;

    b.   Damages for past and future medical and related expenses according to proof;

    c.   Damages for loss of past and future earnings according to proof;

    d.   Interest according to law;

    e.   Costs of this action; and

    f.   Any other and further relief that the court considers proper.

Dated: October 23, 2019

LAW OFFICES OF SEAN MUSGROVE

SEAN MUSGROVE
KENNETH STANTON
Attorneys for Plaintiff, ANH BAO VY HUYNH

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sean Musgrove
Law Office of Sean Musgrove
75 Natoma Street, #A
Folsom, CA 95630
TELEPHONE NO.: (916) 965-4577 FAX NO.: (916) 596-0410
ATTORNEY FOR (Name): Anh Bao Vy Huynh

FOR COURT USE ONLY

FILED
Superior Court of California
County of Placer
OCT 28 2019
Jake Chatters
Executive Officer & Clerk
By: E. Kouvdos, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS: 10820 Justice Center Drive
CITY AND ZIP CODE: Roseville, CA 95661
BRANCH NAME:

CASE NAME: Huynh v. Sutter Health, a CA Corp., et al

# CIVIL CASE COVER SHEET

☒ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: SCV0043920
JUDGE:
DEPT.:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☒ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/23/19

Kenneth Stanton
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CEB ceb.com Essential Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Huynh, Anh Bao Vy

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)-Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice- Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case-Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ-Administrative Mandamus
  - Writ-Mandamus on Limited Court Case Matter
  - Writ-Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

Huynh, Anh Bao Vy

SUM-100

# SUMMONS
# (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court of California
County of Placer

OCT 28 2019

Jake Chatters
Executive Officer & Clerk
By: E. Kouvdos, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Sutter Health, a California Corporation; Sutter Rosveille Medical Center Foundation; Nathan Hale Allen, M.D.; Does 1-50 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Anh Bao Vy Huynh

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* SCV 0043920

Placer County Superior Court
10820 Justice Center Drive
Roseville, CA 95661

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sean Musgrove 229822 Law Office of Sean Musgrove
75 Natoma Street, #A (916) 965-4577
Folsom, CA 95630

DATE: *(Fecha)* OCT 28 2019 Clerk, by *(Secretario)* E. KOUVDOS, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF PLACER

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
CEB ceb.com Essential Forms
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Huynh, Anh Bao Vy

# Superior Court of the State of California
## In and For The County of Placer

CASE NO. SCV0043920

**A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:**

DATE: **February 25, 2020**

TIME: ☑ **10:00 A.M. If your case number starts with "S-CV"**
☐ **10:30 A.M. If your case number starts with "S-CV" and is deemed Complex**
☐ **11:00 A.M. If your case number starts with "M-CV"**

DEPT: **40 - 10820 Justice Center Drive, Roseville, California**

**IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:**
The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

**INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:**
15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference." If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Kenneth Stanton SBN:316483
Law Office of Sean Musgrove
75 Natoma Street, Suite A
Folsom, CA 95630
TELEPHONE NO.: (916) 965-4577 FAX NO. *(Optional)*: (916)596-0410
E-MAIL ADDRESS *(Optional)*: myteam@seanmusgrove.net
ATTORNEY FOR *(Name)*: Anh Bao Vy Huynh

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
DEC 02 2019
JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Waggoner, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Dr.
MAILING ADDRESS: P.O. Box 619072
CITY AND ZIP CODE: Roseville, CA 95661
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Anh Bao Vy Huynh

DEFENDANT/RESPONDENT: Sutter Health, a California Corporation, et al

CASE NUMBER: SCV*0043920

# PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Sutter Health, a California Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Joe Bautista (Paralegal) authorized to receive service of process for Sutter Health a California Corporation
4. Address where the party was served:
   2200 River Plaza Drive
   Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 11/25/19 (2) at *(time)*: 1:00 p.m.
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
CEB ceb.com Essential Forms
PROOF OF SERVICE OF SUMMONS
Code of Civil Procedure, § 417.10

STANTON, KENNETH

| PLAINTIFF/PETITIONER: Anh Bao Vy Huynh | CASE NUMBER: SCV-0043920 |
|---|---|
| DEFENDANT/RESPONDENT: Sutter Health, a California Corporation, et al | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)* : (2) from *(city)* :
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify)* : Sutter Health, a California Corporation
   under the following Code of Civil Procedure section:
   ☑ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Mike Morehead
   b. Address: 4005 Manzanita Ave., Suite6-231, Carmichael, CA 95608
   c. Telephone number: (916) 955-6523
   d. **The fee** for service was: $ 60.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
   (i) ☐ owner ☐ employee ☑ independent contractor.
   (ii) Registration No.: 2005-02
   (iii) County: Sacramento

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/26/19

Mike Morehead - Reg Process Svr
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

[signature]
(SIGNATURE)

CEB ceb.com Essential Forms

STANTON, KENNETH

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kenneth Stanton SBN:316483
Law Office of Sean Musgrove
75 Natoma Street, Suite A
Folsom, CA 95630
TELEPHONE NO.: (916) 965-4577 FAX NO. (Optional): (916)596-0410
E-MAIL ADDRESS (Optional): myteam@seanmusgrove.net
ATTORNEY FOR (Name): Anh Bao Vy Huynh

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
DEC 02 2019
JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Waggoner, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Dr.
MAILING ADDRESS: P.O. Box 619072
CITY AND ZIP CODE: Roseville, CA 95661
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Anh Bao Vy Huynh

DEFENDANT/RESPONDENT: Sutter Health, a California Corporation, et al

CASE NUMBER: SCV*0043920

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Sutter Roseville Medical Center Foundation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Phillip Lozano (Risk Specialist) authorized to receive service of process for Sutter Roseville Medical Center Foundation
4. Address where the party was served:
   2801 Capitol Ave., Suite 202
   Sacramento, CA 95816
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 11/25/19 (2) at *(time)*: 11:55 a.m.
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
CEB ceb.com Essential Forms
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

STANTON, KENNETH

| PLAINTIFF/PETITIONER: Anh Bao Vy Huynh | CASE NUMBER: SCV-0043920 |
|---|---|
| DEFENDANT/RESPONDENT: Sutter Health, a California Corporation, et al | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)* : (2) from *(city)* :
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify)* : Sutter Roseville Medical Center Foundation
   under the following Code of Civil Procedure section:
   - ☑ 416.10 (corporation)
   - ☐ 416.20 (defunct corporation)
   - ☐ 416.30 (joint stock company/association)
   - ☐ 416.40 (association or partnership)
   - ☐ 416.50 (public entity)
   - ☐ 415.95 (business organization, form unknown)
   - ☐ 416.60 (minor)
   - ☐ 416.70 (ward or conservatee)
   - ☐ 416.90 (authorized person)
   - ☐ 415.46 (occupant)
   - ☐ other:

7. **Person who served papers**
   a. Name: Mike Morehead
   b. Address: 4005 Manzanita Ave., Suite6-231, Carmichael, CA 95608
   c. Telephone number: (916) 955-6523
   d. **The fee** for service was: $ 60.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
   (i) ☐ owner ☐ employee ☑ independent contractor.
   (ii) Registration No.: 2005-02
   (iii) County: Sacramento

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/26/19

Mike Morehead - Reg Process Svr
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

CEB ceb.com Essential Forms

STANTON, KENNETH

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Kenneth Stanton SBN:316483<br>Law Office of Sean Musgrove<br>75 Natoma Street, Suite A<br>Folsom, CA 95630<br>TELEPHONE NO.: (916) 965-4577 FAX NO. (Optional): (916)596-0410<br>E-MAIL ADDRESS (Optional): myteam@seanmusgrove.net<br>ATTORNEY FOR (Name): Anh Bao Vy Huynh | FOR COURT USE ONLY<br>FILED<br>Superior Court of California<br>County of Placer<br>DEC 05 2019<br>Jake Chatters<br>Executive Officer & Clerk<br>By: O. Lucatuorto, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer<br>STREET ADDRESS: 10820 Justice Center Dr.<br>MAILING ADDRESS: P.O. Box 619072<br>CITY AND ZIP CODE: Roseville, CA 95661<br>BRANCH NAME: Civil | |
| PLAINTIFF/PETITIONER: Anh Bao Vy Huynh<br>DEFENDANT/RESPONDENT: Sutter Health, a California Corporation, et al | CASE NUMBER:<br>SCV*0043920 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Nathan Hale Allen

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   927 Cobble Shores Drive
   Sacramento, CA 95831
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12/01/19 (2) at *(time)*: 10:18 a.m.
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person *to be served* at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
CEB ceb.com Essential Forms
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

STANTON, KENNETH

| PLAINTIFF/PETITIONER: Anh Bao V. Huynh | CASE NUMBER: SCV-0043920 |
|---|---|
| DEFENDANT/RESPONDENT: Sutter Health, a California Corporation, et al | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)* : (2) from *(city)* :
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)* :
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
   a. Name: Mike Morehead
   b. Address: 4005 Manzanita Ave., Suite6-231, Carmichael, CA 95608
   c. Telephone number: (916) 955-6523
   d. **The fee** for service was: $ 60.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
   (i) ☐ owner ☐ employee ☑ independent contractor.
   (ii) Registration No.: 2005-02
   (iii) County: Sacramento

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 12/02/19

Mike Morehead - Reg Process Svr
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

STANTON, KENNETH

$435

PORTER | SCOTT
A PROFESSIONAL CORPORATION
David A. Melton, SBN 176340
Kelly M. Bell, SBN 316176
Olatomiwa T. Aina, SBN 325566
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

FILED
Superior Court of California
County of Placer
DEC 26 2019
Jake Chatters
Executive Officer & Clerk
By: O. Lucatuorto, Deputy

Attorneys for Defendant
SUTTER VALLEY HOSPITALS dba SUTTER MEDICAL CENTER, SACRAMENTO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF PLACER**

ANH BAO VY HUYNH,

Plaintiff,

vs.

SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D., and DOES 1-50, INCLUSIVE,

Defendants.

CASE NO: SCV0043920

**ANSWER TO COMPLAINT**

Defendant, SUTTER VALLEY HOSPITALS dba SUTTER MEDICAL CENTER, SACRAMENTO (erroneously sued as SUTTER HEALTH) hereby answers the Complaint of Plaintiff on file herein as follows:

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

//

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Acts of Other Parties)**

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

**THIRD AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed *any and all* risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

//

//

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Several Liability for Non-Economic Damages)**

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

**TENTH AFFIRMATIVE DEFENSE**

**(Civil Code of Procedure § 3333.1)**

As and for a sixth, separate and distinct affirmative defense to the Complaint, this answering defendant alleges that in the event this answering defendant is found liable, which this defendant denies and states merely for the purpose of this affirmative defense, this answering defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to plaintiff and claim credit pursuant to Civil Code of Procedure § 3333.1.

//

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Civil Code of Procedure § 3333.2)**

As and for a seventh, separate and distinct affirmative defense to the Complaint, this answering defendant alleges that in the event this answering defendant is to be found negligent, which this defendant denies and states merely for the purpose of this affirmative defense, the damages for non-economic losses shall not exceed the amount specified in Civil Code of Procedure § 3333.2.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Code of Civil Procedure § 667.7)**

As and for an eighth, separate and distinct affirmative defense to the Complaint, this answering defendant alleges that in the event this answering defendant is found liable, which this defendant denies and states merely for the purposes of this affirmative defense, this answering defendant may elect to have future damages, if in excess of the amount specific in Code of Civil Procedure § 667.7, paid in full or in part as specified in Code of Civil Procedure § 667.7.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain DOCUMENTS bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the DOCUMENTS provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

//

//

//

//

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of the Complaint on file herein, and that this answering Defendant be awarded costs of suit and such further relief as the court may deem just and appropriate.

Dated: December 23, 2019

PORTER SCOTT
A PROFESSIONAL CORPORATION

By ______________________
David A. Melton
Attorneys for Defendant
SUTTER VALLEY HOSPITALS dba
SUTTER MEDICAL CENTER,
SACRAMENTO

**CASE NAME:** ***HUYNH v. SUTTER HEALTH, et al.***
**COURT:** **PLACER COUNTY SUPERIOR COURT**
**CASE NO.:** **SCV0043920**

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. My business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I served the following document:

**ANSWER TO COMPLAINT**

| | |
|---|---|
| XX | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE.** I personally delivered the document(s) to the person(s) at the address(es) listed below. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 5:00 p.m. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m. |
| | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

**Addressed as follows:**
Sean Musgrove
Kenneth Stanton
Law Offices of Sean Musgrove
75 Natoma Street, Suite A
Folsom, CA 95630

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on December 23, 2019.

Molly Flores

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
A PROFESSIONAL CORPORATION
David A. Melton, SBN 176340
Kelly M. Bell, SBN 316176
Olatomiwa T. Aina, SBN 325566
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

FILED
Superior Court of California
County of Placer

JAN 15 2020

Jake Chatters
Executive Officer & Clerk
By: K. Pearson, Deputy

$435

Attorneys for Defendants
SUTTER VALLEY HOSPITALS dba SUTTER MEDICAL CENTER, SACRAMENTO
And SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF PLACER**

ANH BAO VY HUYNH,

Plaintiff,

vs.

SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D., and DOES 1-50, INCLUSIVE,

Defendants.

CASE NO: SCV0043920

**ANSWER TO COMPLAINT**

Defendant, SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION hereby answers the Complaint of Plaintiff on file herein as follows:

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

//

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Acts of Other Parties)**

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

**THIRD AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

//

//

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Several Liability for Non-Economic Damages)**

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

**TENTH AFFIRMATIVE DEFENSE**

**(Civil Code of Procedure § 3333.1)**

As and for a sixth, separate and distinct affirmative defense to the Complaint, this answering defendant alleges that in the event this answering defendant is found liable, which this defendant denies and states merely for the purpose of this affirmative defense, this answering defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to plaintiff and claim credit pursuant to Civil Code of Procedure § 3333.1.

//

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Civil Code of Procedure § 3333.2)**

As and for a seventh, separate and distinct affirmative defense to the Complaint, this answering defendant alleges that in the event this answering defendant is to be found negligent, which this defendant denies and states merely for the purpose of this affirmative defense, the damages for non-economic losses shall not exceed the amount specified in Civil Code of Procedure § 3333.2.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Code of Civil Procedure § 667.7)**

As and for an eighth, separate and distinct affirmative defense to the Complaint, this answering defendant alleges that in the event this answering defendant is found liable, which this defendant denies and states merely for the purposes of this affirmative defense, this answering defendant may elect to have future damages, if in excess of the amount specific in Code of Civil Procedure § 667.7, paid in full or in part as specified in Code of Civil Procedure § 667.7.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain DOCUMENTS bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the DOCUMENTS provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

//

//

//

//

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of the Complaint on file herein, and that this answering Defendant be awarded costs of suit and such further relief as the court may deem just and appropriate.

Dated: January 12, 2020

PORTER SCOTT
A PROFESSIONAL CORPORATION

By ______________________
David A. Melton
Attorneys for Defendants
SUTTER VALLEY HOSPITALS dba
SUTTER MEDICAL CENTER,
SACRAMENTO and SUTTER ROSEVILLE
MEDICAL CENTER FOUNDATION

**CASE NAME:** ***HUYNH v. SUTTER HEALTH, et al.***
**COURT:** **PLACER COUNTY SUPERIOR COURT**
**CASE NO.:** **SCV0043920**

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I served the following document:

**ANSWER TO COMPLAINT**

| | |
|---|---|
| **XX** | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE.** I personally delivered the document(s) to the person(s) at the address(es) listed below. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 5:00 p.m. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m. |
| | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

**Addressed as follows:**
Sean Musgrove
Kenneth Stanton
Law Offices of Sean Musgrove
75 Natoma Street, Suite A
Folsom, CA 95630

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on January 13, 2020.

Molly Flores

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

FILED
Superior Court of California
County of Placer

JAN 27 2020

Jake Chatters
Executive Officer & Clerk
By: M. Olivarez-Fuentes, Deputy

#435

LAWRENCE S. GIARDINA, BAR NO. 119229
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant NATHAN HALE ALLEN, M.D.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

ANH BAO VY HUYNH,

Plaintiff,

vs.

SUTTER HEALTH, a California Corporation; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D., and DOES 1-50, INCLUSIVE,

Defendants.
_______________________________/

NO. SCV0043920

ANSWER TO COMPLAINT

Comes now Defendant NATHAN HALE ALLEN, M.D., and answering the Complaint of Plaintiff on file herein, admits, denies and alleges as follows:

**I.**

**GENERAL DENIAL**

Defendant generally and specifically denies each and every allegation and cause of action of the unverified Complaint for Damages pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), and further specifically denies that Plaintiff has been damaged in the manner or amount alleged or in any other manner or amount due to any wrongful act by or attributable to this Defendant.

RECEIVED
JAN 2 2020
Superior Court of California
County of Placer

**II.**

**COMPARATIVE NEGLIGENCE OF PLAINTIFF**

Plaintiff or the decedent was negligent in some percentage compared to that of other parties, and this negligence contributed legally to any injuries or damages.

**III.**

**COMPARATIVE NEGLIGENCE OF OTHERS**

Other persons or entities who are parties to this action and other persons or entities who are not parties to this action are liable for negligence or other legal fault and are the legal cause of any injuries or damages, so if Plaintiff obtains a judgment for damages, it would be the result of this conduct.

**IV.**

**EXPRESS ASSUMPTION OF THE RISK**

Plaintiff or the decedent expressly assumed the risk of injury with full knowledge and appreciation of such conduct and this conduct was the legal cause of any injuries and damages.

**V.**

**MITIGATION OF DAMAGES**

Plaintiff or the decedent failed to exercise reasonable diligence to mitigate any alleged damages and this conduct was the legal cause of any injuries and damages.

**VI.**

**STATUTE OF LIMITATIONS**

This action is barred pursuant to Code of Civil Procedure section 340.4 or 340.5, and Defendant demands a separate trial of this defense pursuant to Code of Civil Procedure section 597.5.

**VII.**

**INFORMED CONSENT**

A. Plaintiff or the decedent would have consented to the procedure or the treatment even if a reasonable person in his position might not if he had been given enough

information about the risks.

B. Defendant was not required to inform plaintiff or the decedent about any risks of the procedure or the treatment because he asked not to be told of the risks.

C. Defendant was not required to inform plaintiff or the decedent about any risks of the procedure or the treatment because the procedure or the treatment was simple and it was commonly understood any dangers were not likely to occur.

D. Defendant was not required to inform plaintiff or the decedent about any risks of the procedure or the treatment because plaintiff or the decedent would have been so seriously upset that he would not have been able to reasonably consider those risks.

E. Defendant was not required to obtain informed consent because an emergency existed and plaintiff or the decedent was unconscious or there was not enough time to inform him or an authorized person about the risks of the procedure or the treatment.

**VIII.**

**GOOD SAMARITAN**

Defendant is immune from liability pursuant to Business and Professions Code sections 2395, 2395.5, 2396, and 2397 and Health and Safety Code section 1317(f).

**IX.**

**ADMISSIBILITY OF BENEFITS/LIMITATION ON NON-ECONOMIC DAMAGES**

Defendant reserves the right to introduce evidence of any amounts paid or to be paid as a benefit to plaintiff pursuant to Civil Code section 3333.1 and Defendant claims the protection of Civil Code section 3333.2.

**X.**

**NATURAL COURSE OF DISEASE/CONDITION**

This action is barred pursuant to Civil Code section 1714.8 because plaintiff's alleged personal or wrongful death injuries and damages were solely the result of the natural course of a disease or condition or the expected result of reasonable treatment

provided for the disease or condition by Defendant.

**XI.**

**PAYMENT OF FUTURE BENEFITS**

Defendant reserves the right to have future damages, if any, paid in whole or in part, pursuant to Code of Civil Procedure sections 667 and 667.7.

**XII.**

**FEDERAL TORT CLAIMS ACT**

This action is premature as plaintiff failed to make a claim under the Federal Torts Claim Act and exhaust all available remedies prior to filing this claim in Superior Court as defendant receives Federal funds.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by reason of the Complaint on file herein, for costs of suit incurred herein; and, for such other and further relief as the court deems just and proper.

Dated: January 23, 2020

**SCHUERING ZIMMERMAN & DOYLE, LLP**

By ______________________
LAWRENCE S. GIARDINA
Attorneys for Defendant NATHAN HALE ALLEN, M.D.

**Proof of Service by Mail - Civil**

[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5, CRC 10.503, 2.100-2.119]

I, Robin Kohl, declare:

At the time of service, I was over 18 years of age and not a party to this action. My business address is: **400 University Avenue, Sacramento, California 95825**.

On January 23, 2020, I served the following documents:

ANSWER TO COMPLAINT

**By United States mail:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses given below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at **Sacramento, California.**

I served the documents on the persons addressed as follows:

| Attorney | Representing | Phone/Fax/E-Mail |
| --- | --- | --- |
| Sean Musgrove, Esq..<br>LAW OFFICE OF SEAN MUSGROVE<br>75 Natoma Street, #A<br>Folsom, CA 95630 | Plaintiff | 916-965-4577<br>FAX: 916-596-0410 |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on January 23, 2020, at Sacramento, California.

Robin Kohl
1358-12087

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
David A. Melton, SBN 176340, Kelly M. Bell, SBN 316176
Porter Scott
350 University Avenue, Suite 200, Sacramento, CA 95814
TELEPHONE NO.: (916) 929-1481 FAX NO. *(Optional)*: (916) 927-3706
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Sutter Valley Hospitals & Sutter Roseville Medical Center

FOR COURT USE ONLY

FILED
Superior Court of California
County of Placer
FEB 06 2020
Jake Chatters
Executive Officer & Clerk
By: K. Zaragoza, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, 95678
BRANCH NAME: Santucci Justice Center

PLAINTIFF/PETITIONER: ANH BAO VY HUYNH
DEFENDANT/RESPONDENT: SUTTER HEALTH, et al.

**CASE MANAGEMENT STATEMENT**

*(Check one)*: [✓] **UNLIMITED CASE** (Amount demanded exceeds $25,000) [ ] **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: SCV0043920

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: February 25, 2020 Time: 10:00 a.m. Dept.: 40 Div.: Room:
Address of court *(if different from the address above)*:

[✓] **Notice of Intent to Appear by Telephone, by *(name)*:** Kelly M. Bell

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [✓] This statement is submitted by party *(name)*: Defs. Sutter Valley Hospitals & Sutter Roseville Medical Center
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [✓] complaint [ ] cross-complaint *(Describe, including causes of action)*:

   Professional Negligence.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SUTTER HEALTH, et al. | SCV0043920 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges medical malpractice against defendants.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

See Attachment 6c

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☑ days *(specify number):* 5

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. E-mail address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SUTTER HEALTH, et al. | SCV0043920 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*):<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☑ | ☑ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*):<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

CM-110

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: SUTTER HEALTH, et al. | SCV0043920 |

11. **Insurance**
   a. [✓] Insurance carrier, if any, for party filing this statement *(name):* Sedgwick CMS
   b. Reservation of rights: [ ] Yes [ ] No
   c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   [ ] Bankruptcy [ ] Other *(specify):*
   Status:

13. ***Related cases, consolidation, and coordination***
   a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   [ ] Additional cases are described in Attachment 13a.
   b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

14. **Bifurcation**
   [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   [✓] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Pre-trial motions, Motion for summary judgment.

16. **Discovery**
   a. [ ] The party or parties have completed all discovery.
   b. [✓] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |
| Defendant | Subpoena plaintiff's medical/billing records | April 2020 |
| Defendant | Plaintiff's deposition | June 2020 |
| Defendant | Expert discovery | Per code |

   c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH | CASE NUMBER: SCV0043920 |
|---|---|
| DEFENDANT/RESPONDENT: SUTTER HEALTH, et al. | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 3, 2020

Kelly M. Bell
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**ATTACHMENT 6c**

03/09-03/14/20; 03/16-03/21/20; 03/23-03/28/20; 03/30-04/04/20; 04/06-04/11/20; 04/20-04/25/20; 04/27-05/01/20; 05/05-05/10/20; 05/18-05/23/20; 06/01-06/06/20; 06/15-06/20/20; 06/22-06/27/20; 07/13-07/18/20; 07/27-08/02/20; 08/17-08/22/20; 09/28-10/03/20; 10/05-10/10/20; 03/22-03/28/21; 04/27-05/02/21.

**CASE NAME:** *HUYNH v. SUTTER HEALTH, et al.*
**COURT:** PLACER COUNTY SUPERIOR COURT
**CASE NO.:** SCV0043920

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I served the following document:

**CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| **XX** | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE.** I personally delivered the document(s) to the person(s) at the address(es) listed below. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 5:00 p.m. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m. |
| | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached |
| | **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

**Addressed as follows:**
Sean Musgrove
Kenneth Stanton
Law Offices of Sean Musgrove
75 Natoma Street, Suite A
Folsom, CA 95630

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on February 4, 2020.

Molly Flores

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
LAWRENCE S. GIARDINA, ESQ. SBN: 119229
SCHUERING ZIMMERMAN & DOYLE LLP
400 University
SACRAMENTO, CA 95825
TELEPHONE NO.: (916) 567-0400 FAX NO. *(Optional):* (916) 568-0400
E-MAIL ADDRESS *(Optional):* LSG@SZS.COM
ATTORNEY FOR *(Name):* Defendant, Nathan Hale Allen, M.D.

*FOR COURT USE ONLY*

**FILED**
Superior Court of California
County of Placer
FEB 10 2020
Jake Chatters
Executive Officer & Clerk
By: K. Zaragoza, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 101 Maple Street
MAILING ADDRESS: 101 Maple Street
CITY AND ZIP CODE: Auburn, 95603
BRANCH NAME: Auburn - Historic Courthouse

PLAINTIFF/PETITIONER: ANH BAO VY HUYNH
DEFENDANT/RESPONDENT: SUTTER HEALTH, ET AL.

## CASE MANAGEMENT STATEMENT

*(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000) [ ] **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: SCV0043920

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: 2/25/20 Time: 10:00 a.m. Dept.: 40 Div.: Room:
Address of court *(if different from the address above):*

[X] **Notice of Intent to Appear by Telephone, by *(name):*** Lawrence S. Giardina, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Defendant,Nathan Hale Allen, M.D.
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(Describe, including causes of action):* Medical malpractice.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov
Westlaw Doc & Form Builder-

CM-110

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SUTTER HEALTH, ET AL. | SCV0043920 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges medical malpractice against all defendants. Damages unknown. Discovery is continuing.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case should be redesignated with a disposition date within 18 months from the filing of the complaint.
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* Commencing 2021: 3/2/21-3/22/21 trial; 4/20/21-5/3/21 Trial; 6/7/21-6/11/21 Trial

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 7 to 10 days
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☒ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* This is a complex medical malpractice action requiring expert witnesses. Exceeds judicial limits.

CM-110

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH<br>DEFENDANT/RESPONDENT: SUTTER HEALTH, ET AL. | CASE NUMBER:<br>SCV0043920 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*):<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*):<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

CM-110

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH | CASE NUMBER: SCV0043920 |
| --- | --- |
| DEFENDANT/RESPONDENT: SUTTER HEALTH, ET AL. | |

11. **Insurance**

a. [X] Insurance carrier, if any, for party filing this statement *(name)*: Beta Healthcare

b. Reservation of rights: [ ] Yes [X] No

c. [X] Coverage issues will significantly affect resolution of this case *(explain)*: Defendant has tendered defense.

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [X] Other *(specify)*: Dr. Allen's employer, Wellspace, has tendered this case to the federal government as it

Status: is a FTCA deemed facility. If they accept the tender, they will move to remove case to federal court.

13. **Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

14. **Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
See above.

16. **Discovery**

a. [ ] The party or parties have completed all discovery.

b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
| --- | --- | --- |
| No discovery propounded due to case tender described above. | | |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: ANH BAO VY HUYNH<br>DEFENDANT/RESPONDENT: SUTTER HEALTH, ET AL. | CASE NUMBER:<br>SCV0043920 |
|---|---|

17. **Economic litigation**

a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

[X] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Defendant has tendered defense and indemnity to the Department of Health and Human Services. Defendant anticipates the tender will be accepted and the matter will be removed to the United States District Court.

19. **Meet and confer**

a. [X] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* Issues of liability, causation and damages remain in dispute.

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 5, 2020

LAWRENCE S. GIARDINA, ESQ.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached.

**PROOF OF SERVICE BY MAIL**
(CCP 1013; CRC 10.503; 2.100-2.119)

I, Robin Kohl, declare:

I am over the age of eighteen years and not a party to the within cause; am employed in the County of Sacramento, California; and my business address is 400 University Avenue, Sacramento, California 95825-6502.

On February 7, 2020, I served the within CASE MANAGEMENT STATEMENT, which was produced on recycled paper, on the parties in said cause by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

| Attorney | Representing | Phone/Fax/E-Mail |
| --- | --- | --- |
| Sean Musgrove, Esq..<br>LAW OFFICE OF SEAN MUSGROVE<br>75 Natoma Street, #A<br>Folsom, CA 95630 | Plaintiff | 916-965-4577<br>FAX: 916-596-0410 |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 7, 2020, at Sacramento, California.

Robin Kohl
1358-12087