UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH BAO VY HUYNH,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTH; SUTTER ROSEVILLE MEDICAL CENTER FOUNDATION; NATHAN HALE ALLEN, M.D.; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:20-cv-01757-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Anh Bao Vy Huynh ("Plaintiff") asserts various causes of action against Defendants Sutter Health, Sutter Roseville Medical Center Foundation, and Nathan Hale Allen, M.D. (collectively "Defendants" unless otherwise noted) for personal injuries she claims to have sustained as a result of an outpatient surgical procedure. Plaintiff's complaint, originally filed in the Placer County Superior Court, was removed to this court by the United States on August 31, 2020, on grounds that Dr. Allen, at all times relevant to these proceedings, was performing medical functions as an employee of the Public Health Service ("PHS") acting within the course and scope of said employment. ECF No. 1, ¶ 2. The United States avers that

///

Dr. Allen's status as such an employee confers federal jurisdiction for injuries caused by his negligent act or omission under 28 U.S.C. § 233(a).

Now before the Court is a motion to dismiss brought by the United States pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  That motion (ECF No. 8), filed on November 9, 2020, first seeks to substitute the government in the place of Dr. Allen on grounds that the United States, and not Dr. Allen, is the proper party to these proceedings given his employment by the PHS.  Then, once that substitution is effectuated, the motion asks that any claims against the United States be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) on grounds that Plaintiff failed to comply with the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, et seq. ("FTCA"), as a prerequisite to filing suit against the government.  Finally, upon its dismissal as a party, the United States urges that any remaining claims against other defendants be remanded back to state court for adjudication.

In addition to opposing the government's motion, Plaintiff has also filed her own Motion for Judicial Review of the United States' certification of scope of employment of Dr. Allen (ECF No. 19).  Plaintiff also requests a conference as to what discovery will be needed to resolve that issue, as well as a stay of any decision on the United States' Motion until the necessary discovery and review have been completed.

For the reasons set forth below, the United States' Motion is GRANTED, and the Plaintiff's Motion is DENIED.[2]

///
///
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Having determined that oral argument would not be of material assistance, this matter was submitted on the briefs in accordance with E.D. Local Rule 230(g).

**BACKGROUND**

According to the operative Amended Complaint for Damages (ECF No. 5),[3] Plaintiff, a Vietnamese immigrant who speaks little English, sought medical treatment on or about November 8, 2018, from Defendants and was diagnosed as suffering from ovarian cysts.  Plaintiff underwent robotic laparoscopic surgery, performed by Dr. Allen, that same day on an outpatient basis.  She claims that during the course of that robotic surgery, an errant incision both perforated her colon, injured her lung, and caused extensive peritoneal contamination.  Despite post-surgical complications that ultimately required an overnight stay in the hospital following the procedure, Plaintiff claims she was discharged without treating the errant incision and alleges it was only two days later, when she returned very ill, that the true scope of her injuries were ascertained.

In addition to alleging that she was subjected to medical batteries caused by Defendants' negligence, Plaintiff also claims, *inter alia*, that Defendants failed to warn her of the possible consequences and dangers associated with the surgery, in part by failing to provide a Vietnamese interpreter.  In addition, Plaintiff contends she was discriminated against under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. ("Unruh Act') and discharged early because of her national origin as an immigrant born in Vietnam.

As indicated above, the United States now requests that it be substituted in place of Dr. Allen on grounds that Dr. Allen was an employee of a federally funded clinic and is accordingly also deemed a federal employee of the PHS subject to the protections of the FTCA.  Assuming that substitution is permitted, the United States also asks that it be dismissed because Plaintiff failed to comply with the requirements of the FTCA prior to filing her lawsuit, and the government further requests that the remainder of the lawsuit be remanded back to state court where it originated.  Plaintiff's motion in response

---

[3] The facts as set forth in this section are taken, at times verbatim, from the allegations of the Amended Complaint.

requests that judicial review of Dr. Allen's certification as a PHS employee be permitted, that additional discovery be authorized in conjunction with that inquiry, and that any decision on the United States' motion be deferred until after Plaintiff's own motion has been adjudicated.

## STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court *sua sponte*. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

///

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

///

///

///

**ANALYSIS**

**A.    Substitution of United States as a Party**

The Public Health Services Act, at 42 U.S.C. § 254b, authorizes the Secretary of Health and Human Services to provide federal grants to health centers caring for medically underserved populations.  Moreover, under the terms of the so-called Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233 et seq. ("FSHCAA"), a health center that receives such funds is eligible to have itself and its personnel "deemed" by the Secretary to be employees of the PHS.  See 42 U.S.C. § 233(g).  As "deemed" employees of the PHS, health centers and their personnel are immune from claims for "personal injury . . . resulting from the performance of medical, surgical, dental or related functions."  Id. at § 233(a).  Such claims must instead be brought against the United States through the auspices of the FTCA.  Id.

The United States argues through the present Motion that WellSpace Health, a federally funded community health center, and its employees, including Dr. Allen, are "deemed" employees of the Public Health Service with respect to Plaintiff's allegations herein.  Submitted in conjunction with the motion is a declaration obtained from Meredith Torres, Senior Attorney for the Department of Health and Human Services.  ECF No. 8-3.  The Torres Declaration attaches documentation confirming that WellSpace Health is deemed to be an employee of the PHS and has been covered under FTCA malpractice coverage since January 1, 2018.  Id. at ¶ 5, Ex. 1.  Ms. Torres also attests to the fact that she reviewed WellSpace's employment records and determined that Dr. Allen was an employee of WellSpace at the time of the incident giving rise to this suit.  Id. at ¶ 6.

In addition to the Torres Declaration, the United States also presents a Certification of Employment from David Shelledy, the Chief of the Civil Division of the United States Attorney's Office, who further confirms, in accordance with the provisions of 28 C.F.R. § 15.4 and 42 U.S.C. § 233(a) and (c), that Dr. Allen was deemed to be an

"employee of the Public Health Service and was acting within the course and scope of such employment at the time of the incidents alleged in the [Amended Complaint]." ECF No. 8-2.

Dr. Allen's own declaration is in accord. He attests to being a licensed Obstetrician/Gynecologist employed by WellSpace Health since April 4, 2016. ECF No. 5, ¶¶ 1-2. Dr. Allen goes on to state that he personally did not bill privately for any medical services provided to Plaintiff, and he received no financial compensation for those services from any source whatsoever other than the regular compensation he received from WellSpace. Id. at 3-4. Dr. Allen further indicates he has not been employed by any other health center or private medical facility other than Wellspace during the timeframe relevant to this lawsuit. Id. at 5.

While Plaintiff's opposition papers indicate she does not contest Dr. Allen's status as an employee of WellSpace, Plaintiff's counsel Sean Musgraves nonetheless argues that Dr. Allen should not be substituted out of this case because, according to Plaintiff, after her primary care doctor at the WellSpace clinic told her she needed to have ovarian cysts removed, she was referred to Dr. Allen for the surgery since "WellSpace did not do surgeries." ECF No. 14, ¶ 2. Otherwise, Plaintiff states only, and without further explication, that she simply "was under the belief that Dr. Nathan Allen Hale was a doctor from Sutter because he was doing the surgery at Sutter Hospital." ECF No. 14, ¶ 3.

Plaintiff's counsel, for his part, states that he filed suit in Placer County and believed Dr. Allen was not a federal employee for purposes of the FTCA because he had affiliations with a number of medical centers, including Sutter and Dignity Health, and appeared to accept a variety of insurances. Decl. of Sean Musgraves, ECF No. 13-1, ¶¶ 3, 5.

In order to explore the parameters of Dr. Allen's employment, the parties agreed for a preliminary production of documents to take place in January of 2021, and once those documents were reviewed, Mr. Musgraves indicated he would review "the

documents produced and determine[e] what additional discovery may need to be done to determine Dr. Nathan Hale Allen's employment status with WellSpace." Opp'n, ECF No. 13, 2:22-25; Musgrove Decl., Ex. A, B. Moreover, in order to accommodate that review, the parties agreed to permit Plaintiff to file a supplemental opposition not later than March 19, 2021, with a supplemental reply to follow on April 2, 2021. ECF No. 18.

Despite being afforded additional time, Plaintiff's amended opposition, filed March 18, 2021, contains virtually nothing to controvert the United States' position as to Dr. Allen's employment status, or the fact that WellSpace was a federally funded clinic under the PHS which made both the clinic and its employees, including Dr. Allen, deemed employees of the PHS subject to the provisions of the FTCA. The only "evidence" Plaintiff points to, other than her own declaration, is a Non-Pharmacy Claims Utilization roster obtained from Anthem Blue Cross which lists billings submitted on Plaintiff's behalf. That roster (ECF No. 24-1, Ex. A) submitted in reply to Plaintiff's own Motion for Judicial Review of Dr. Allen's Certification (ECF No. 19), indicates that a billing was submitted on behalf of Dr. Allen for services rendered on September 12, 2018, nearly two months before the subject outpatient surgical procedure was done on November 8, 2021.[4] Even though the roster indicates that no payment was made by Anthem Blue Cross as to that particular billing, Plaintiff argues that it creates an "inconsistency" between Dr. Allen's declaration that he never billed directly for any services he provided to Plaintiff, and therefore creates a discrepancy entitling Plaintiff to yet more discovery.

In considering the import of the evidence that has been submitted in determining whether substitution of the United States in place of Dr. Allen is proper; we look to guiding precepts identified in the applicable case law. "Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of [his

---

[4] According to the United States, Dr. Allen had in fact evaluated Plaintiff at the WellSpace clinic in Sacramento on September 12, 2018, and October 31, 2018, prior to the time he did outpatient surgery at Sutter General Hospital on November 8, 2018 (Reply, ECF No. 16, 317-20), a fact which belies any inference from Plaintiff's declaration that she had not seen Dr. Allen previously at Wellspace and thought he was affiliated with Sutter because that was where the surgery itself was performed.

8

or her] employment at the time of the incident and is conclusive unless challenged." Manulid v. Sycuan Casino & Resort, No. 10-cv-721 WQH (CAB), 2010 WL 5349849 at *2 (S.D. Cal. Dec. 20, 2010) (quoting Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995)). "The party challenging the certification is required to present evidence disproving the Attorney General's certification by a preponderance of the evidence." Stringer v. White, No. C-07-5516 SI, 2008 WL 344215 at *3 (N.D. Cal. Feb 6, 2008) (citing Billings, 47 F.3d at 800); see also Ponds v. Veterans Med. Research Found., No. 12-cv-1745 BEN (BGS), 2013 WL 607847, at *2 (S.D. Cal. Feb 15, 2013) ("The United States remains the named federal defendant unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." (quoting Jackson v. Tate, 648 F.3d 729, 726 (9th Cir. 2011)) (emphasis in original, internal quotation marks omitted)).

      In establishing its prima facie case that Dr. Allen was acting as a federal employee in treating Plaintiff, and as already enumerated above, the Attorney General's designee,[5] United States Attorney David Shelledy, attests that Dr. Allen was a deemed employee of the PHS acting within the course and scope of that employment at the time of the incidents underlying Plaintiff's complaint.   ECF 8-2, ¶ 2.  In addition, as also indicated above, counsel for the Department of Health and Human Services, who administers the PHS, additionally confirms both that Dr. Allen was an employee of WellSpace, and that WellSpace was a federally qualified health center with medical malpractice coverage under the FTCA.   Torres Decl., ECF No. 8-3, ¶¶ 5-6, Ex. 1. Finally, Dr Allen himself states that WellSpace was his only employer, and that the only compensation he received for treating Plaintiff was his regular salary from WellSpace. Allen Decl., ECF No. 8-5, ¶¶ 2-5.

      The Court finds this evidence to be powerful, multi-layered support for establishing, on a prima facie basis, Dr. Allen's status as a deemed employee of the

---

[5] Under 28 C.F.R. § 15.4, the United States Attorney for the district where a civil action or proceeding is brought is authorized to make a statutory certification that a federal employee was acting within the scope of his employment at the time of the incident underlying the action.

1  PHS, which, in turn, entitles the United States to substitute into this litigation in
2  Dr. Allen's place.  As already stated above, in order to rebut that prima facie showing,
3  Plaintiff must produce not just evidence but evidence that disproves the prima facie case
4  by the preponderance of the evidence.  Billings, 47 F.3d at 800.  The "evidence"
5  submitted by Plaintiff does not come close to meeting that stringent standard.  The fact
6  that Plaintiff herself was under the "belief" that Dr. Allen was a Sutter physician simply
7  because he was doing the surgery at Sutter does not suffice.  As the United States
8  points out, this Court has previously observed it is not unusual for doctors at federal
9  qualified health centers to have admitting privileges at local hospitals in order to provide
10 necessary care for their patients.  See, e.g., G.H. v. Sutter Davis Hosp., No. 2:15-cv-
11 00813-MCE-KJN, 2015 WL 4078273 at * 2 (E.D. Cal. July 6, 2015) (granting the
12 government's motion to dismiss under the FTCA where employees of a federally
13 qualified health center provided inpatient labor and delivery services, along with follow-
14 up care, at Sutter Davis Hospital).   In addition, citing an unpaid claim made on behalf of
15 Dr. Allen to Anthem Blue Shield for care he provided to Plaintiff two months before the
16 surgery does not carry the day.  The fact that a billing may have been generated on
17 Dr. Allen's behalf (presumably by WellSpace) to Anthem is not inconsistent with Dr.
18 Allen's statement that he never personally billed for any of the services he provided by
19 Plaintiff.[6]

20    Nor is Plaintiff's argument that she is entitled to additional discovery (beyond that
21 already provided) to challenge the government's certification of Dr. Allen's employment
22 any more persuasive.  Limited discovery as to certification determinations is permitted
23 "only when a plaintiff 'allege[s] sufficient facts that, taken as true, would establish that the
24 defendant['s] actions exceeded the scope of [his] employment.'"  Wuterich v. Murtha,
25 562 F.3d 375, 378 (D.C. Cir. 2009); *accord* Saleh v. Bush, 848 F.3d 880, 889 (9th Cir.
26 2017).  As indicated above, Plaintiff has failed to allege any specific facts or evidence to

---

[6] See Dr. Allen's Response to Plaintiff's Initial Request for Discovery, ECF 22-1, Ex. A, Question 4.

10

plausibly suggest that Dr. Allen was not a deemed employee of the PHS or was acting outside of his employment with WellSpace, despite being afforded initial discovery to uncover such evidence.[7] Moreover, as even Plaintiff concedes, the renewed discovery she now proposes is a "mirror image" of the initial discovery requests already propounded to and answered by Dr. Allen and the Sutter Defendants in January 2020. See Pl.'s Mot., ECF 19-1, 7:9-12. This demonstrates, as Defendants point out, that Plaintiff's renewed request is no more than a "fishing expedition. . . lack[ing] any articulable basis or explanation." Opp., ECF No. 23, 3:6-8 (citing Wuterich, 562 F.3d at 386 (district court should not authorize "a fishing expedition for facts that *might* give rise to a viable scope-of-employment claim" (emphasis in original)).

In sum, then, the Court grants the United States' request for substitution in the place of Dr. Allen, and denies Plaintiff's request for any additional judicial review of the government's certification of Dr. Allen's employment status,[8] or for additional discovery to shed further light on that status.

### B.     Dismissal of United States for Failure to Comply with FTCA

Having established that Dr. Allen is deemed a federal employee, the government next argues that any lawsuit against him arising from medical or related functions must be brought against the United States pursuant to the provisions of the FTCA at 28 U.S.C. §§ 1346(b), 2671-80. Then, because it is undisputed that Plaintiff did not

---

[7] While Plaintiff claims that the responses she received to those requests were not "verified" and consequently have no binding effect, that argument is misplaced. Rule 26(g)(1) provides that the signature of the attorney of record signifies any such responses are made pursuant to the attorney's "knowledge, information, and belief formed after a reasonable inquiry," and that any disclosures made pursuant thereto are "complete and correct" to the best of the attorney's knowledge. Significantly, the responses/disclosure made pursuant to Plaintiff's initial discovery requests by Sutter on January 7, 2021 (ECF No. 21-1, Ex. C) and by Dr. Allen on March 2, 2021 (ECF No. 22-1, Ex. A) comply with the requirements of Rule 26(g)(1). Rule 26 contains no verification requirement otherwise.

[8] Plaintiff's reliance on Rendon v. United States, 91 F. Supp. 2d 817 (E.D. Pa. 2000) to suggest otherwise is unavailing. As a preliminary matter, Rendon is out-of-circuit and of limited precedential value in the first instance. In addition, Rendon's conclusion that a decision to certify the scope of employment is "reviewable, albeit narrowly" (id. at 819) is consistent in any event with the authority cited by the United States—that the district court has discretion to review certification provided the opposing party makes a proper evidentiary showing. This Court is not disputing that it has authority to conduct a review of whether Dr. Allen's employment certification is appropriate; instead, it finds here only that no adequate basis for such a review has been presented.

11

comply with the FTCA-mandated administrative claims process before filing suit, the United States contends that it must be dismissed as a party to these proceedings for lack of subject matter jurisdiction.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). By enacting the FTCA, Congress waived that sovereign immunity with respect to certain tort liability. See 28 U.S.C. § 1346(b). Nonetheless, as the government points out, "[a] federal court's jurisdiction to hear damage actions against the United States is limited by section 2675 of the FTCA." Shipek v. United States, 752 F.2d 1352, 1353 (9th Cir. 1985); *accord* Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). Section 2675 (a) requires, as a prerequisite to suing the United States, that a plaintiff first present his or her tort claim to the appropriate federal agency. Shipek, 752 F.2d at 1353. The plaintiff must then receive a denial of the claim or await the passage of six months from submission of the claim before filing suit. Id. If a plaintiff fails to comply with those provisions, the government is entitled to dismissal for lack of subject matter jurisdiction under § 2675(a). Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) ("Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions.").

The Torres Declaration submitted in support of the United States' Motion indicates that at the time Plaintiff commenced the instant lawsuit, there was no evidence she had submitted an administrative tort claim under the FTCA to the appropriate federal agency, here the United States Department of Health and Human Services. ECF No 8-3, ¶ 4. Plaintiff's counsel, for his part, offers nothing to controvert that conclusion, resting his argument against dismissal solely on a foundational argument, as rejected above, that the United States has not demonstrated that Dr. Allen was in fact a "deemed" federal employee such that the United States was entitled to substitute in his stead in the first instance.

///

Counsel does point to allegations in the Amended Complaint that Defendants, including Dr. Allen, discriminated against Plaintiff in violation of the Unruh Act because she was Vietnamese (by releasing her early and by not affording her an interpreter such that Plaintiff's meaningful consent could be obtained).  According to Plaintiff, those allegations do not fall within the purview of the FTCA and are not subject to dismissal even if no FTCA tort claim was presented.

This argument, however, ignores the fact that the scope of immunity provided to federally funded healthcare centers like WellSpace and its employees is a broad one under 42 U.S.C. § 233(a).  That section makes an FTCA claim against the United States the exclusive remedy for all claims for damages "resulting from the performance of medical, surgical, dental, or related functions . . . by any . . . employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a).  Here, Plaintiff's operative pleading, makes it clear that Plaintiff's discrimination claims against Dr. Allen under the Unruh Act (Plaintiff's Fifth and Sixth Causes of Action) arise from "medical, surgical, . . . or related functions", as provided by § 233, because they are based on Dr. Allen's alleged decision to discharge Plaintiff from the hospital, as well as his claimed failure to provide Plaintiff with a Vietnamese interpreter "to allow her to understand the medical treatment" to which she was allegedly consenting."  See Am. Compl., ECF No. 5, ¶¶ 5-6, 8, 45, 51.  In addition, Plaintiff's Amended Complaint offers no specific facts in any event to show that Dr. Allen was motivated by any discriminatory animus prohibited by the Unruh Act, as opposed to what would otherwise appear to be simple negligence in prematurely discharging a patient from the hospital or making sure she understood the treatment to which she was consenting.  See Jianjun Xie v. Oakland Unified Sch Dist., No. C 12-02950 CRB, 2013 WL 812445 at *4 (C.D. Cal. March 5, 2013) (finding that general allegations of discrimination on the basis of race and national origin fail to meet minimum pled standards where unsupported by any factual averments beyond formulaic legal conclusions); see also Doe v. Astrue, No. C 09-00980 MHP, 2009 WL 2566720 at *12 (N.D. Cal. Aug, 18, 2009) ("If the well-pleaded facts support a

more persuasive, and likely benign, 'obvious alternative explanation' for the defendant's actions, a claim is not plausible."). The Court agrees with Dr. Allen that Plaintiff cannot thwart his statutory immunity by unsupported allegations of discrimination that fail to satisfy basic federal pleadings requirements.

Because the United States is properly substituted as a party to these proceedings in place of Dr. Allen, and because it is uncontroverted that Plaintiff failed to comply with the provisions of the FTCA, which apply to all pertinent claims against it, prior to instituting these proceedings, the United States must be dismissed under 28 U.S.C. § 2675 for lack of subject matter jurisdiction. Jerves v. United States, 966 F.2d at 521.

### C. Remand of Remaining Claims

Having dismissed the United States as a party to these proceedings, no basis for this court's continuing jurisdiction exists. Removal was effectuated from state court by the United States only because it qualified as a party. Therefore remand of the remainder of this case to the Placer County Superior Court where it originated is proper.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Substitute, Remand, and Dismiss (ECF No. 8) is **GRANTED**, in its entirety. The United States is hereby **SUBSTITUTED** in as the proper Defendant in these proceedings in place of Nathan Hale Allen, M.D. All resulting claims against the United States are **DISMISSED**, without prejudice, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Having dismissed the United States, whose presence in this litigation was the only basis for federal jurisdiction, the Court **REMANDS** all remaining claims back to the Placer County Superior Court for ultimate adjudication.

///

///

///

Plaintiff's Motion for Judicial Review, Discovery Conference and Stay of the United States' Motion (ECF No. 19) is **DENIED**.

IT IS SO ORDERED.

Dated:  September 13, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE